## ACTION AGAINST CORPORATION FOR MALICIOUS PROSECUTION.

Circuit Court of Cuyahoga County.

THE C. F. ADAMS CO. v. CHAUNCEY ROBERTSON.*

Decided, November 16, 1908.

*Malicious Prosecution—Evidence—Probable Cause—Punitive Damages.*

1. In an action for malicious prosecution against a corporation, it is not error to permit the plaintiff to testify as to his connection with the company in other states, notwithstanding the prosecuting witness, the managing agent of the company, had no knowledge of such connection.
2. Proof that the examining magistrate bound the accused over to the grand jury, is not conclusive evidence of probable cause. *Ash* v. *Marlow*, 20 Ohio, 119, followed, but doubted.
3. In an action against a corporation for malicious prosecution, punitive damages may be allowed.

*Albert Lawrence*, for plaintiff in error.

*C. W. Noble*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action for malicious prosecution, plaintiff in error being defendant below.

Several errors are alleged to have been committed at the trial, which we shall examine in their order.

The defendant below is a corporation.   One H. W. Lewis was its managing agent and swore to the affidavit upon which Robertson was arrested upon a warrant issued by a magistrate.   The plaintiff being upon the stand was interrogated by his counsel

---

* Affirmed without opinion, *C. F. Adams Co.* v. *Robertson*, 82 Ohio State, 400.

as to his previous connection with the Adams Company in other states.   To this objection was made, unless knowledge of this previous employment was brought home to Lewis, the prosecuting witness.

This objection was overruled and properly, we think, because it was the company, not Lewis, which was defendant in the case, and the charge alleged to be false was that Robertson had embezzled from the company, not from Lewis.

The court charged, as requested by the defendant, that the fact that Robertson was bound over to the grand jury by the examining magistrate was *prima facie* evidence of probable cause for prosecution, but refused to charge that such examination and binding over was conclusive evidence of probable cause.

This ruling was correct according to the holding of the Supreme Court of Ohio, though were the matter one of original impression, we would be much influenced by the argument of counsel upon the subject.

The third paragraph of the syllabus of the case of *Ash* v. *Marlow,* 20 Ohio, 119, reads as follows: "Proof that the examining magistrate 'bound the accused over to court.' is not conclusive evidence of 'probable cause.'"   And this statement is borne out by the opinion in the case, which was delivered by Judge Spalding.

We find no error in refusing defendant's fifth and sixth requests to charge, and the court's definition of the meaning of the words *prima facie,* used in defendant's fourth request to charge, while not very enlightening. did not prejudice the defendant.

Complaint is made that the trial judge submitted to the jury the question of allowing punitive damages against the defendant.   It is claimed that this was wrong, because the defendant was a corporation and could not be guilty of actual malice and that none in fact was shown.   The charge upon the subject was correct, and as actual malice as well as imputed malice may be proved from circumstances indicating it, we are unable to say that the trial judge erred in submitting the question to the jury. The fact that the defendant was a corporation did not exempt

it from liability to punitive damages.  The rulings in Ohio are uniform upon this subject.  *6 Encylopedia Digest of Ohio Reports,* 310.

Finally upon the weight of the evidence, both as to all the evidence on the subject of probable cause and that part of it which referred particularly to the issue of advice of counsel, while the jury might well have found the other way, we can not say that their verdict is so manifestly against the weight of the evidence that the judgment based upon it should be reversed. The trial judge, as well as the jury, saw the witnesses, and we think he did his whole duty when he reduced the verdict from something over $900 to $400.  Doubtless he, as well as the jury, were impressed with the fact that the prosecuting witness did not make a full and candid disclosure of all the facts to his counsel, before the latter advised that Robertson be prosecuted upon a criminal charge.

Finding no error in the record the judgment is affirmed.